# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| LINDA MARIE G.,[1] | No. 25-CV-32-CJW-KEM |
| Plaintiff, | |
| vs. | **ORDER** |
| FRANK BISIGNANO, Commissioner of Social Security, | |
| Defendant. | |

_____

## I.     INTRODUCTION

This case is before the Court on a January 9, 2026 Report and Recommendation ("R&R") filed by the Honorable Kelly K.E. Mahoney, Chief United States Magistrate Judge. (Doc. 15). Judge Mahoney recommends that the Court reverse the decision rendered by the Commissioner of Social Security ("the Commissioner") denying Linda Marie G.'s ("Claimant") application for disability insurance ("DI") benefits under Title II of the Social Security Act, 42 United States Code, Sections 401–434, and remand the case for further proceedings. Neither party has objected to the R&R. The deadline for such objections has expired. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). For the reasons stated below, the Court **accepts** Judge Mahoney's R&R (Doc. 15) without modification.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

## II.     APPLICABLE STANDARDS

### A.     *Judicial Review of the Commissioner's Decision*

The Court must affirm the Commissioner's decision "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis v. Barnhart*, 353 F.3d 642, 645 (8th Cir. 2003) (quoting *Kelley v. Callahan*, 133 F.3d 583, 587 (8th Cir. 1998)). The Eighth Circuit describes the standard as "something less than the weight of the evidence [that] allows for the possibility of drawing two inconsistent conclusions." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994) (quoting *Turley v. Sullivan*, 939 F.2d 524, 528 (8th Cir. 1991)).

In determining whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the [Administrative Law Judge ("ALJ")], but [it does] not re-weigh the evidence." *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005) (citing *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)). The court considers both evidence that supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010) (citing *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). The court must "search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir. 1991)).

In evaluating the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Hum. Servs.*, 879 F.2d 441, 444 (8th Cir. 1989) (citing *Gavin v. Heckler*, 811 F.2d 1195, 1199

2

(8th Cir. 1987)). A court, however, may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

### B. *Review of Report and Recommendation*

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A district judge may, however, elect to review an R&R under a more exacting standard even if no objections are filed:

3

Case 1:25-cv-00032-CJW-KEM    Document 16    Filed 03/05/26    Page 3 of 6

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985).

## III. BACKGROUND

The Court has reviewed the record and finds that Judge Mahoney accurately summarized the pertinent facts and procedural history of this case. (Doc. 15, at 1–5). Claimant has a strong work history, employed for many years at a medical supply manufacturing company and a bakery. (*Id.*, at 1). Claimant suffers from depression and anxiety and had been under a professional's treatment for years. (*Id.*, at 2). Claimant lost her job in 2021, when she was 59 years old, when her employer shut down the plant where she worked. (*Id.*, at 1–2). Claimant continued to seek psychological care, but her condition appeared to worsen over time, although there were ups and downs in her condition. (*Id.*, at 2–4).

On June 27, 2022, claimant applied for DI benefits, alleging an onset date of December 10, 2021, asserting she was disabled due to depression and anxiety. (AR 61).[2] The Social Security Administration denied claimant's disability application on initial review in October 2022 and reconsideration in March 2023. (AR 60–78). As part of those reviews, state agency psychological consultants Beverly Westra, PhD, and Jennifer Ryan, PhD, reviewed claimant's treatment records and issued opinions on her mental limitations. (AR 66–67, 75–77). Claimant sought further review. In November 2023, an ALJ held a hearing. (AR 31–32). On March 7, 2023, the ALJ issued a ruling denying claimant's application. (AR 13–26). The ALJ found claimant suffered from depression and anxiety, but found they were nonsevere. The ALJ did not include any mental

---

[2] "AR" refers to the administrative record, filed at Doc. 6.

limitations in claimant's residual functional capacity ("RFC") assessment. The ALJ found claimant could return to her past work. In short, the ALJ found claimant was not disabled. The Appeals Council denied claimant's request for further review, and claimant then timely filed suit in this Court.

## IV. DISCUSSION

Claimant argues that the ALJ erred in finding her mental impairments were not severe. An impairment is not severe if it "would have no more than a minimal effect on the claimant's ability to work." *Dixon v. Barnhart*, 353 F.3d 602, 605 (8th Cir. 2003) (quoting *Simmons v. Massanari*, 264 F.3d 751, 755 (8th Cir. 2001)). When evaluating the severity of a mental impairment, the ALJ must consider the claimant's limitations in "four broad functional areas": (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. 20 C.F.R. 404.1520a(c)(3), 416.920a(c)(3); *see also Buckner v. Astrue*, 646 F.3d 549, 556–57 (8th Cir. 2011). Although subject to exception, as a general rule, if the claimant suffers no more than mild limitations in each category, the claimant's mental impairments are not severe. *Kirby v. Astrue*, 500 F.3d 705, 707–8 (8th Cir. 2007) (citing *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007)). In finding claimant's mental impairments were not severe, the ALJ relied largely on claimant's daily activities and the opinions of the state agency consultants and the psychological consultative examiner.

Judge Mahoney examined the record about claimant's daily activities at length and ultimately agreed with claimant. Although claimant engaged in several daily activities in the past, such as attending auctions, substantial evidence in the record simply did not support the ALJ's conclusion that claimant continued to engage in those activities after the claimed onset of her disability. (Doc. 15, at 11). The ALJ relied on an erroneous assessment of claimant's daily ability to engage in these activities in concluding claimant's mental impairments were not severe. (*Id.*, at 13). The Commissioner argued the error

5

was harmless because the ALJ relied on other evidence as well, such as the medical opinions. (*Id.*, at 11). Judge Mahoney found, however, that the problem lies in the lack of medical opinion evidence supporting the ALJ's conclusion that claimant suffered only mild adaptive limitations. (*Id.*, at 12–13). Those opinions reflect a finding of moderate impairment and limitations in adjusting to changes in the workplace that create stress. (*Id.*, at 13). Judge Mahoney ultimately concluded that the ALJ relied too heavily on a mistaken understanding of claimant's daily activities. (*Id.*, at 13). Given the record, Judge Mahoney found the errors not harmless. (*Id.*).

The Court agrees with Judge Mahoney's sound analysis and conclusions. Perhaps the ALJ may reach the same conclusion, but upon review the ALJ must deal with the errors in the analysis and reconcile the extent of claimant's true daily activities with the medical opinions the ALJ found persuasive to determine if claimant's mental impairments are severe and whether she can return to her prior form of employment.

## V. CONCLUSION

For these reasons:

1. The Court **accepts** Judge Mahoney's R&R (Doc. 15) without modification. *See* 28 U.S.C. § 636(b)(1).

2. Consistent with Judge Mahoney's recommendation, the Commissioner's determination is **reversed**, and this matter is **remanded** to the Commissioner under sentence four of Section 405(g) for further proceedings consistent with this order and Judge Mahoney's R&R.

**IT IS SO ORDERED** this 5th day of March, 2026.

_____
C.J. Williams, Chief Judge
United States District Court
Northern District of Iowa